**KAY et al. v. SNYDER, U. S. Marshal, et al.**

Court of Appeals of District of Columbia.
Submitted May 4, 1927.  Decided
May 26, 1927.

No. 4553.

1. **Criminal law ⬤═113—Defendant cannot be tried in one district for offense charged to have been committed in another (Const. Amend. 6).**

Under Const. Amend. 6, a defendant cannot be tried in one federal district for an offense charged to have been committed in another district.

2. **Criminal law ⬤═242(1)—Defendant cannot be removed to one district for trial for offense charged to have been committed in another.**

Removal of defendant to one federal district cannot be had for purpose of trial for offense charged to have been committed in another district.

3. **Criminal law ⬤═242(2)—Defendants held properly removed from District of Columbia to Nebraska for trial for use of mails to defraud by scheme promoted by causing letter to be delivered by mail at Omaha (Criminal Code, § 215 [Comp. St. § 10385]).**

Where indictment under Criminal Code, § 215 (Comp. St. § 10385), found in district of Nebraska, charged conspiracy and use of mails in furtherance of scheme to defraud, in that defendants devised a scheme in the District of Columbia for obtaining money from one in Omaha, Neb., by means of fraudulent pretenses to be made to such person and her attorneys through the use of the mails, and that, having devised such scheme, petitioners "caused to be delivered by the United States mail at Omaha, Nebraska, a letter addressed to" such person, *held* removal of defendants from District of Columbia to Nebraska was proper; the offense being triable at either place.

Appeal from Supreme Court of District of Columbia.

Habeas corpus proceeding by Maurice Kay and another against Edgar C. Snyder, United States Marshal and another. From a judgment dismissing the petition and discharging the writ, petitioners appeal. Affirmed.

J. S. Easby-Smith, A. L. Newmeyer, and M. W. King, all of Washington, D. C., for appellants.

Peyton Gordon and Neil Burkinshaw, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from a judgment of the Supreme

Court of the District of Columbia dismissing a petition for habeas corpus and discharging the writ issued therein.

The petitioners were indicted in the United States District Court for the District of Nebraska for conspiracy and use of the mails in furtherance of a scheme to defraud. The indictment is in three counts.

The first count charges petitioners with devising a scheme in the District of Columbia for obtaining from one Sarah H. Joslin, of Omaha, Neb., $136,240.45 "by means of fraudulent pretenses to be made by them to Joslin and her attorneys through use of the mails." The pretenses related to the refund of certain estate taxes by the Treasury Department fraudulently alleged to have been obtained through the efforts and services of petitioners. Having devised a scheme, it is charged that petitioners "caused to be delivered by United States mail at Omaha, Nebraska, a letted addressed to Joslin inclosing a bill for services," pursuant to an alleged contract. It is charged that the letter was mailed at Washington.

The second count of the indictment charges the delivery of a letter at Omaha, Neb., to the attorneys of Joslin, mailed by petitioners at Washington.

In the third count of the indictment, petitioners are charged with conspiring with one Hamby, not indicted, to commit an offense against the United States, in that petitioners, former employees of the United States, aided in presenting a claim against the United States within two years next after they had ceased to be so employed, in violation of section 190, R. S. U. S. (Comp. St. § 272).

[1, 2] The chief contention of counsel for petitioners is that, inasmuch as the indictment charges an offense committed in the District of Columbia, petitioners' removal to Nebraska would be in violation of the provisions of the Sixth Amendment to the Constitution of the United States. Of course, the accused, under the Sixth Amendment, cannot be tried in one district for an offense charged to have been committed in another district. Nor can removal be had in such a case. These principles are elementary, but they do not apply to this case.

[3] Section 215 of the Criminal Code (Comp. St. § 10385), on which the indictment is based, provides as follows:

"Whoever, having devised or intending to devise any scheme or artifice to defraud, * * * shall, for the purpose of executing such scheme or artifice * * * place, or cause to be placed, any letter * * * in any postoffice, * * * or authorized de-

pository for mail matter, to be sent or delivered, * * * or shall knowingly cause to be delivered by mail according to the direction thereon * * * any such letter, * * * shall be fined not more than one thousand dollars, or imprisoned not more than five years, or both."

It will be observed that the indictment charges the double offense contemplated by the statute of devising the scheme to defraud, with the intent of executing the scheme by causing to be delivered at Omaha, Neb., the letter described, according to the direction thereon. Section 215 is an amendment to an earlier statute, which made the offense complete by placing the letter in the mail. The present statute enlarged the offense to include the delivery of the letter by mail "according to the direction thereon." Undoubtedly petitioners could have been indicted in the District of Columbia; but, if indicted both here and in the district of Nebraska, the government might be required to elect in which jurisdiction they should be tried. The selection of the jurisdiction under the statute is with the government. In this instance the jurisdiction selected, as charged in the indictment, is within the scope of the statute.

In Salinger v. Loisel, 265 U. S. 224, 234, 44 S. Ct. 519, 522 (68 L. Ed. 989), Mr. Justice Van Devanter, speaking for the court, interpreted this statute as follows:

"The appellant insists that the introduction of the new clause into the statute as reenacted is not of material significance here. We are of a different opinion. That clause plainly provides for the punishment of the deviser of the scheme or artifice, where he causes a letter in furtherance of it to be delivered by the mail according to the direction on the letter. This is done by way of enlarging the original definition of the offense, the clause dealing with the placing of such a letter in a mail depository being retained. Evidently Congress intended to make the statute more effective, and to that end to change it so that, where the letter is delivered according to the direction, such wrongful use of the mail may be dealt with in the district of the delivery, as well as in that of the deposit. A letter may be mailed without being delivered; but, if it be delivered according to the address, the person who causes the mailing causes the delivery. Not only so, but the place at which he causes the delivery is the place at which it is brought about in regular course by the agency which he uses for the purpose."

It is urged that the Salinger Case is not in point, since the fraudulent scheme in that instance was devised in the same place in South Dakota where the letter mailed in Sioux City, Iowa, was delivered. In other words, there the devising of the scheme and the delivery of the letter occurred in the same place, while here the scheme was laid in the District of Columbia and the letter was delivered in Omaha, Nebraska. The contention is without merit. The offense charged is the delivery of the letter, the thing condemned and made a crime by the statute. Where the letter is delivered according to the address, as in this instance, the person mailing it causes the delivery. It is true that the principal elements of the offense described by the statute were committed in the District of Columbia. The material element, however, essential to complete the offense, the delivery of the letter, occurred in the district of Nebraska. It is there that petitioners must answer the indictment, not here.

Inasmuch as the first and second counts of the indictment are sufficient to support removal, it is unnecessary to consider the objections advanced to the third count, since these objections, as all others going to the sufficiency of the indictment, may be availed of at the trial.

The judgment is affirmed, with costs.